## State of Maine *versus* Scannell.

On an indictment for an assault with a dangerous weapon, with intent A. B. to kill and murder, a verdict that the accused was guilty of being *accessory before the fact,* of an assault with intent to kill A. B., cannot be sustained.

*Such an offence* is not necessarily included in the crime charged, and judgment will be arrested.

On Exceptions from *Nisi Prius,* Howard, J., presiding.

INDICTMENT against Daniel Scannell and others for an assault with a dangerous weapon upon one Alexander Lewis Maxwell, with intent him to kill and murder.

A motion was made by Scannell for process to summon his witnesses, and at the expense of the State, which was denied.

The jury returned a verdict that " said Daniel Scannell is guilty of being accessory before the fact of an assault with intent to kill Alexander Lewis Maxwell."

A motion was made in arrest of judgment for the same causes enumerated in *State* v. *Waters, ante,* p. 54, with the additional reason, " because the jury have not found the said Daniel Scannell guilty of any offence charged in said indictment.

The motion was overruled and exceptions filed.

*Wells & Bell,* and *S. M. Hayes,* in support of the exceptions.

*Evans,* Att'y General, *contra.*

RICE, J. — The indictment charges the defendant with having made an assault, with a dangerous weapon, upon one Alexander Lewis Maxwell, with intent to kill and murder.

The jury at first returned a verdict of guilty as accessory, but subsequently amended their verdict as follows; to wit, " that the defendant, Daniel Scannell, is guilty of being accessory before the fact of an assault with intent to kill Alexander Lewis Maxwell."

After verdict, the defendant filed a motion in arrest of judgment, for reasons therein appearing, which was overruled by the presiding Judge, to which ruling the exceptions now before the Court were duly filed. The case was argued with *State* v. *Waters, ante,* p. 54.

It is not quite certain of what offence the jury intended to find the defendant guilty; whether of being accessory before the fact of an assault with intent to commit manslaughter, or with intent to murder. Nor perhaps is it material, as the result must be the same in either case.

If they intended by their verdict to find the defendant

guilty or accessory before the fact of an assault with intent to murder, judgment must be arrested, because that is not the offence with which he is charged in the indictment, nor is it, as a minor offence, necessarily included in the crime charged in the indictment.

If they intended to find him guilty of being accessory, before the fact of an assault with intent to commit manslaughter, judgment must be arrested, not only because that offence is not charged in the indictment, but for the additional reason that there is no such offence known in the law.

*Exceptions sustained and judgment arrested.*

SHEPLEY, C. J., and HATHAWAY and CUTTING, J. J., concurred.

