## CHILDS ET AL. vs. THE STATE.

An affray, and assault and battery, are offences of the same class; and, though the higher offence may include the less, yet on an indictment charging generally that the defendants "did make an affray by then and there fighting, to the terror," &c., they cannot be convicted of an assault and battery.

*Appeal from Lawrence Circuit Court.*

Hon. B. H. NEELY, Circuit Judge.

FAIRCHILD, for appellants. The facts charged in an affray, do not include those necessary to put a party on defence of an assault and battery, for he is not apprised whom he has assaulted, nor that he has beaten any body.

J. J. CLENDENIN, Att'y Gen'l, contra.

Mr. Chief Justice WATKINS delivered the opinion of the Court.

The indictment in this case charged that the appellant and three other persons, on, &c., at, &c., "with force and arms, being assembled together and arrayed in a warlike manner, there and then in a public highway, there situate, unlawfully did make an affray, by then and there fighting, to the great terror and disturbance of the people there being," &c. The defendants being tried separately, the jury found each of them guilty of an assault and battery, and the appellant was accordingly sentenced to pay the fine assessed against him by the verdict. He moved in arrest of judgment, which was overruled, and the question renewed upon his appeal is, whether the conviction is proper.

It is true that every affray includes an assault; the definition of it, at the common law, being "the fighting of two or more

persons in some public place, to the terror of the King's subjects; for if the fighting be in private, it is not an affray, but an assault." 1 *Russell on Crimes* 291; *Roscoe Crim. Ev.* 269.

The essential ingredient of the offence is, that it is done in some public place, whereby terror and alarm may be occasioned to other persons, and it is therefore an aggravated disturbance of the public peace, punishable as a common law offence by fine and imprisonment (*Digest, ch.* 34, *sec* 2); whereas a simple assault or an assault and battery, is punishable by fine only. (*Rev. Stat.*, *p.* 246.) All the persons committing an affray, whether it ensue upon a sudden quarrel or a feud, are supposed to engage in or encourage it, with a mutual or common design, to fight or make a disturbance. If the like be done in a private place, each is guilty of an assault; and there can be no doubt that, if counts for the assault be added in an indictment for an affray, one or all may be convicted of the assault, if the evidence falls short of proving an affray. But, without going over the grounds of the decisions in *Cameron vs. The State*, (13 *Ark.* 717); *Johnson vs. The State*, (*Ib.* 686); and *Strawn vs. The State*, (at January term, 1854), our opinion here is, that the conviction appealed from cannot be sustained, because although the offences are of the same generic class, and the commission of the higher may involve the commission of the lower offence, yet the indictment in this case does not contain all the substantive allegations necessary to let in proof of the assault and battery. An affray may be well charged as a promiscuous fighting, the offence consisting in the public disturbance; but it is necessary that an indictment for assault and battery, should describe the offence by disclosing the name of the party injured, or upon whom it was committed, if known or capable of being ascertained, in order to apprise the defendant of the nature of the accusation, to enable him to defend against it, and identify it with such reasonable certainty as to guard him from any further prosecution for the same offence.

We have met with but one decided case to the contrary. In the *State vs. Allen & Royster*, (4 *Hawks.* 356,) the charge in the

indictment was that the defendants, Allen & Royster, " to, with and against each other, did fight and make an affray, to the nuisance of the citizens," &c. The jury found that the defendants were not guilty of an affray; but that the defendant *Allen* was guilty of an assault and battery upon the defendant, *Royster;* and that the defendant Royster was not guilty. TAYLOR, C J., and the rest of the Court, thought, that although there was no precedent to govern the decision in such a case, the conviction of Allen was right upon general principles, and the reason of the thing, which the opinion there proceeds to enlarge upon. But, by reference to the frame of the indictment in that case, it will be perceived that it was substantially a count for assault and battery; upon which, according to our own view of the matter, the defendant was rightly convicted, without recognizing it as an authority in the case now before us.

The judgment will be arrested, and the appellant discharged. The like decision is made upon the appeal of William and Eliza Clark, two other defendants, joined in the same indictment.