| 19 | 205 |
|----|-----|
| 54 | 664 |
| 19 | 205 |
| 63 | 507 |
| 19 | 205 |
| j79 | 314 |

## SWEEDEN VS. THE STATE.

On appeals in criminal cases amounting to felony, the accused has a right to stand upon all his legal rights that he has not expressly waived by the record, or that have not been taken away by the statute: sec· 98, chap. 52, Digest. (6 Eng. Rep· 457. 2 Ib. 60.)

On indictments for slight misdemeanors, the accused may be tried without being personally present: but upon charges amounting to felony, he must be personally present in Court during the trial.

Where it does not otherwise appear affirmatively upon the record that the accused, in a criminal case, was present during the trial in the Circuit Court, this Court will

infer his personal presence, from the order of the Court, following the judgment, that the accused "*be and remain in the custody of the sheriff*, until the fine and costs are fully paid."

Upon an indictment for an *assault with intent to murder*, the defendant cannot be convicted of an assault *and battery*.

*Appeal from the Circuit Court of Conway county.*

Hon. FELIX J. BATSON, Circuit Judge, presiding.

JORDAN, for the appellant.

Upon appeal in a felony case, the party stands on all his legal rights that he has not expressly waived of record. *Bivens vs. The State*, 6 *Eng.* 451; *Patterson vs. The State*, 2 *Ib.* 60.

By no inference, intendment or construction, can the Court come to the conclusion, from the record, that appellant was present when the verdict was returned into Court. No verdict could be returned and no judgment rendered against him unless he was personally present. *Cole vs. The State*, 5 *Eng.* 318; *Chit. Cr. L.* 636; 1 *Tenn. Rep.* 434; *Sneed vs. The State*, 5 *Ark.* 432; 7 *Cow.* 525; 12 *Wend.* 349; 3 *S. & M.* 518; *Ark. Dig.* 412.

The charge laid in the indictment being for an assault with intent to murder, and the verdict of the jury an assault and battery, the judgment on the verdict is erroneous. *The State vs. Shoemaker*, 7 *Miss.* 177; *Roscoe Cr. Ev. (Ed.* 1854) 100; *The State vs. Steadman*, 7 *Port.* 500; *Childs et al. vs. The State*, 15 *Ark.* 204; *Whart. Cr. Law* 868; *Ch. Cr. L.* 661; *Com. vs. Watts*, 4 *Leigh* 672; *Com. vs. Linton*, 2 *Va. Cas.* 476; *Horsey vs. The State*, 3 *Har. & John.* 2.

Mr. Attorney General JOHNSON, for the State.

The same objection raised here is made in the case of *Cameron vs. The State*, 13 *Ark. Rep.* 712. The defendant in this case is regularly indicted for an assault with intent to kill and murder, and the jury waive the intent as laid, but convict him

of an assault and battery. Where the accusation includes an offence of an inferior degree, the jury may discharge the defendant of the higher crime, and convict him of the less. See 8 *S. & M.* 576. In an indictment for an assault with intent to kill, the defendant may be convicted of an assault and battery, or an assault alone. See 5 *Ohio Rep.* 242; 7 *Blackf. Rep.* 233; 7 *Porter Rep.* 495; 2 *Eng. Rep.* 374. These cases are conclusive of the question. See, also, 10 *Humph.* 52; *Whart. Cr. L.* 140, 196; 6 *Texas Rep.* 348.

Mr. Justice HANLY delivered the opinion of the Court.

The appellant was indicted in the Conway Circuit Court for an assault with intent to kill—plea not guilty—trial by a jury—verdict: "We, the jury, find Lewis Sweeden guilty of an *assault* and *battery,* and assess his fine at the sum of forty-five dollars"—judgment in pursuance of the verdict—motion in arrest—motion overruled and Sweeden appealed.

The charge laid in the indictment against the appellant being a felony under our statute, his counsel, under the practice of this Court as laid down in *Bivens vs. The State,* (6th *Eng. Rep.* 457,) and *Patterson vs. The State,* (2 *Eng. R.* 60,) insists that he has a right to stand upon all his legal rights that he has not expressly waived by the record, or that have not been taken away by the statute. (See *Digest, chap.* 52, *sec.* 98, *p.* 402.) This is certainly a correct position, and is fully recognized and sustained by the cases referred to, and the uniform rule of practice of this Court, both before and since the decision of those cases.

We have, therefore, before us, not only the direct action of the Court below upon the motion in arrest of judgment, on the grounds therein set forth, but all other questions that might have been raised on the record by a motion in arrest—not cured by the verdict under our statute before referred to.

The counsel for the appellant has brought to our notice the fact, as he asserts, that it does not appear *affirmatively* on the transcript of the record, that the appellant was personally pre-

sent in Court, when the verdict of the jury was rendered to the Court below in this cause, and he insists that the absence of the appellant from the Court when the verdict was rendered, vitiates both the verdict and judgment pronounced thereon, and the judgment of this Court is invoked on this question.

Our statute provides as follows: " No indictment for a felony shall be tried, unless the defendant be personally present during the trial; nor shall any person indicted for an offence less than felony, be tried, unless he be present at the trial, either personally or by his counsel." See *Digest, sec.* 164, *ch.* 52, *p.* 412.

By the act of the 18th December, 1848, felonies are defined to be, " all crimes or offences which are punishable capitally or by imprisonment in the penitentiary, or where any portion of the punishment is such. See *Pamph. Acts* 1848, *p.* 28.

By the 1*st sec.,* 5*th Art..* 51*st chap. of the Digest, p.* 331, assaults with intent to kill are punishable by imprisonment in the penitentiary, not less than three, nor more than twenty-one years, and consequently, are felonies, as declared by the act of 1848, as above shown.   It was, therefore, absolutely necessary, that the Court below should have required the appellant to be personally present during his trial upon the indictment in question.   If it had been discovered at any time after the trial was commenced, that the personal presence of the appellant could not be had, from any cause, the Court should have directed the trial to be suspended, or else have discharged the jury, stating upon the record the cause of their discharge.   If the absence of the party should be voluntary and wanton, and persisted in for an unreasonable time, the discharge of the jury would necessarily result by operation of law.   If the absence should proceed from a cause not wanton, but should arise from accident—such as sickness of the defendant, or his family—then, in that case, the discharge of the jury, by the Court, would, as a matter of course, be dependant upon the proper exercise of that legal discretion with which Courts must be invested, dependent upon the circumstances of each particular case.   We have said that it was absolutely necessary that the appellant should have been

present "*during the trial*," in the Court below. The phrase " during the trial," used in the section of law we have quoted, means, that it is necessary that the defendant should be present in Court at each and every time, and on all occasions, at which and when any substantive step is taken by the Court, in his cause, after the indictment is presented by the grand jury to the Court, up to, and until final judgment (including that also,) is pronounced in his cause, by the Court, and even afterwards, if any subsequent step should be taken by his counsel. But this particularity in reference to the presence of the defendant, only relates to the trial of felonies. and not to offences less than felonies, as the act itself expressly declares. And this seems to be consistent with the law as it existed before the act in question was passed, as abundantly appears by the authorities and principles collated and stated in *Cole vs. The State*, 5 *Eng. Rep.* 518, and *Sneed vs. The State*, 5th *Ark.* 431.

We will turn to the transcript of the record, for the purpose of determining whether the inflexible rule we have stated, has been observed and adhered to by the Court below, in the case before us. We will not consume space by copying the orders from the transcript, showing *affirmatively* the personal presence of the appellant, from the time the trial began, as we have defined it, up to the 12th March, 1857, when the following entry appears:

" Now on this day come the following named jurors, *(jurors are named)* who having in charge the defendant, Lewis Sweeden, return into Court the following verdict, *   *   *   * [copied above.] It is therefore considered by the Court, that for such his offence, the State of Arkansas doth have and recover of, and from the said defendant, Lewis Sweeden, the sum of forty-five dollars for her fine, as aforesaid, together with all the costs laid out and expended in this suit, and it is further ordered by the Court, that the said Lewis Sweeden *be, and remain* in the custody of the sheriff until his fine and costs are fully paid."

We have before held, herein, that the return of the verdict,

*was a step in the trial of the cause* in the purview of the act above copied, which we have also said, -absolutely requires *the personal presence* of the defendant, during the *entire trial.* Does the above entry show with sufficient certainty that appellant was *personally present* when the verdict was rendered?

We must say that the determination of this question is one not without difficulty, for the reason that it is dependent upon construction, which is a means of determining the sense of a document or statute, resorted to only when others, more satisfactory, fail to furnish the key necessary to interpret the true meaning of such instrument. Resorting, then, to construction, as the only means left us to determine the meaning of the order we have copied, with the view of ascertaining whether the appellant was, in point of fact, *personally present* in Court at the time the verdict was rendered, can we discover from this that he was *personally* present at that time? The language used in the last phrase of the order, which has the least relation to the subject, is thus constructed: " *and it is further ordered by the Court, that the said Lewis Sweeden* BE, AND REMAIN IN THE CUSTODY OF THE SHERIFF, *until the said fine and costs are fully paid.*" If this does not import his *personal presence* in Court at the time, then it is very clear he was not really present in person, when the verdict was rendered, and consequently, the judgment pronounced on it is voidable. The words " *be and remain in the custody of the sheriff* " are pregnant with meaning, and show with reasonable certainty, not only the condition of the appellant during the trial, as to his personal liberty, but his locality as to place. The word " *be* " means " to exist," and the word " *remain* " means " to continue to be left." Taking these definitions of the only two verbs, which form a part of, and constitute the main element in the paragraph we have selected, what meaning do. we give to the entire paragraph? Our answer is, that at the time the verdict was rendered, the appellant was in the custody and possession of the sheriff, for, unless he was, he did not " *be* " or " *exist* " in his custody, nor did he " continue to be left" in his custody, which is the proper signifi-

cation of the word " remain." We have thus ascertained the condition of the appellant during the time the jury were returning their verdict. We have said that the phrase given also imports his locality as to place at that time. He was in the custody of the sheriff, as we have seen, at the time, and the fact being that the Court was in session when the verdict was returned, and the order made as to the custody of the appellant, and it being a part of the duty of the sheriff to attend the Court during its sittings, and the order in relation to the custody of the appellant, being, from its language and import, addressed *to* the sheriff, it is but fair to infer or presume, that he was present in Court, having in charge the appellant, at the time the order was made and addressed to him. So that we have it that the appellant was personally present when the verdict was returned by the jury in this case, and consequently, that the judgment pronounced on it, is not reversible for want of his presence. And this does not militate against *Cole vs. The State*, for in that case the entries showed no evidence whatever of the appellant, Cole, being in Court on the day the verdict was rendered, and the judgment pronounced thereon.

2. It is also insisted, by the counsel for the appellant, that inasmuch as the charge in the indictment is for an *assault* with intent to murder, the jury were not warranted, upon a trial of that charge, to return a verdict against the appellant for an assault and *battery*, which they seem to have done in this case; contending as he does, that a defendant cannot be convicted of an inferior degree of the same offence charged in the indictment unless the lesser offence is included in the allegations of the indictment charging the greater offence.

In *McBride vs. The State*, 2 *Eng. Rep.* 374; it was held that in every attempt to commit a felony on an individual, an assault is involved; and say the Court in that case: Prove an attempt to commit such felony and prove it to have been done under such circumstances, that had the attempt succeeded, the defendant might have been convicted of felony, and the party may be convicted of a common assault; and to the same effect

is *Cameron vs. The State*, 13*th Ark. Rep.* 712, in which this Court, by Watkins Ch. J., says, " under our code of criminal procedure, upon an indictment for a felony, the accused may be convicted of a misdemeanor where both offences belong to the same generic class; when the commission of the higher may involve the commission of the lower offence, and when the indictment for the higher offence *contains all the necessary substantive allegations necessary to let in proof of the misdemeanor*"—adding: " thus a party, indicted for an assault with intent to kill, may be convicted of a *simple assault*." And this seems to be the law in most of the states in the Union; In some of which it is made so by positive legislative enactment, whilst in others the law has been so determined by the Courts upon reason and principle· The case of *McBride* was for an assault and biting off the ear of Joel Hubble with intent to maim him. He was acquitted of the felony, but convicted of a simple assault. The case of *Cameron* was for an assault with intent to murder. He was acquitted of the felony, but convicted of a simple assault. We know of no case in our Reports, where a party has been indicted and tried for an assault with intent to kill, and convicted of an assault and *battery*, and the conviction held good. There are cases to be met with, however, in the Reports of other States, in which it is held that a party indicted for an assault with intent to kill, may be acquitted of the felony and be convicted of an assault and battery, or assault alone. See *Stewart vs. The State*, 5 *Ohio Rep.* 242; *Gardenhier vs. The State*, 6 *Texas Rep.* 348; *State vs. Bowling*, 10*th Hump.* (*Tenn.*) *Rep.* 52.

And the same doctrine appears to be recognized by Mr. WHARTON, in his work on *American Cr. Law.* See *Whart. Amer. Cr. Law*, 140.

But when we come to examine those decisions and the doctrine stated in Wharton, we find them, with one or two exceptions, to be based upon express statutes. The case of *Stewart* seems to have been decided upon the authority of a case in Alabama and one in Indiana. By reference to those cases we discover the parties were only convicted of simple *assaults*. The

case of *Gardenhier* seems to have been decided, mainly, on the case of *Stewart;* and the doctrine in Wharton refers also to the case of *Stewart* to sustain it. The case in *Hump. Rep.* is based on a statute of Tennessee.

We do not feel ourselves authorized, under these circumstances, to follow these decisions, but regard it safer to adhere to principle.

An *assault* is defined to be an intentional attempt by force to do an injury to the person of another. See 3 *Greenlf. Ev., sec.* 59, *also Digest sec.* 1, *art.* 6, *chap.* 51, *p.* 332.

A *battery* is committed whenever the violence menaced in an assault is actually done, though in ever so small a degree, upon the person. See 3 *Greenlf. Ev., sec,* 60; *Digest sec.* 3, *ubi. sup.*

From these definitions it follows that every battery includes an assault, though an assault does not necessarily imply a battery. See 3 *Greenlf. Ev., sec.* 60, *ubi. sup.*

The appellant, therefore, could no more be convicted of an assault and *battery*, under an indictment for an *assault* with intent to kill, than he could be if indicted for a *simple assault.*

The penalty for these offences was left unchanged as it existed under the Revised Statutes. By recourse to those statutes we discover these two offences were punished differently, or rather had different penalties affixed to them—both being fines.

The former being punished by a less fine than the latter, thereby making the latter the greater offence.

It is useless to pursue this subject further, as the bare statement of the proposition, to the professional reader, must be sufficient of itself to convince him, upon principle, that a man indicted for an *assault* with intent to kill, cannot legitimately be convicted of an assault and *battery.*

The Attorney General has referred us, in addition to the cases already noticed from his brief, to a case reported in 7 *Porter's* (*Ala.*) *Rep.* 495. That was a case where the defendant had been indicted for an assault and battery with intent to murder, and was acquitted of the felony, but was convicted of a simple assault and battery. If such had been the case before us, upon

the authority of the cases referred to from our own Reports, as well as the current of the American authorities generally, we should have holden the conviction proper; for in such case the party might well have been convicted of an assault and battery with an intent to kill,—with an assault and battery,—or a simple assault. But in the case at bar the appellant being indicted for an assault with intent to kill, if acquitted of the felony, he could only properly be convicted of a simple assault.

The indictment and verdict being of record, the Court below, on the motion of the appellant, should have arrested the judgment. Not having done so, the judgment of the Conway Circuit Court is reversed and the cause remanded.

Absent, Mr. Justice SCOTT.