## STATE V. NICHOLS.

1. INDICTMENT FOR MAIMING: *Plea of former acquittal before J. P.*

A justice of the peace has no jurisdiction of maiming, or other felony; and a plea in the Circuit Court of a former conviction or acquittal, before a justice of the peace, of the felony, or of a misdemeanor included in the felony, will not bar a prosecution for the felony in the Circuit Court.

2. INDICTMENT FOR FELONY: *Convicted of misdemeanor.*

On an indictment for a felony, the accused may be convicted of a misdemeanor, if both offenses belong to the same generic class, and the higher includes the lower offense, and the indictment contains all the substantive allegations necessary to admit proof of the misdemeanor; and a conviction of the misdemeanor is a bar to any further indictment for the felony.

APPEAL from *Franklin* Circuit Court.

Hon. W. D. JACKOWAY, Circuit Judge.

*C. B. Moore*, Attorney-General for appellant.

The J. P. could only sit as an examining court, on a charge of felony; and if, instead of convicting of assault and battery, he had simply discharged him, it would not have barred an indictment and conviction on a charge of maiming. How, then, could a conviction have been a bar? To hold this plea good, would establish a most pernicious precedent.

I. INDICT-MENT FOR MAIMING: ENGLISH, C. J. Wm. Nichols was indicted in the Circuit Court of Franklin county, for maiming, the indictment charging that on the eleventh day of January, 1882, in the

State v. Nichols.

county aforesaid, he unlawfully, feloniously, willfully, and of his malice aforethought, did bite off the ear of one D. A. Goldsmith, etc.

Defendant plead former conviction. The substance of the plea was that Goldsmith, by affidavit, charged him with the same maiming, before a justice of the peace; that he was arrested upon a warrant, and taken before the justice, who heard the evidence, investigated the charge, and discharged and acquitted him of the crime of maiming, but held him to answer for an assault and battery on said Goldsmith, and that said justice, sitting as a jury, heard the evidence on said charge, found him guilty, and adjudged him to pay a fine of five dollars, etc.

Plea of former conviction before a J. P., not good.

The transcript, which was filed with the plea, shows that the justice heard the evidence on the charge of maiming, and adjudged defendant not guilty of that charge, and acquitted him thereof, but held him to answer for an assault and battery; whereupon defendant confessed guilt of that charge, " and the court imposed a fine of five dollars."

The State demurred to the plea of former conviction; the court overruled the demurrer, and, the State resting, judgment was entered discharging defendant from the indictment, and the State appealed.

The offense charged in the indictment, biting off the ear, is made maiming, by Statute, and is a felony (*Gantt's Dig.*, secs. 1322-5) of which the Circuit Courts have exclusive original jurisdiction, and of which justices of the peace have no jurisdiction except to sit as examining courts. *Constitution*, art. 7, sec. 40.

A justice of the peace having no jurisdiction to try one accused of a felony, his judgment of acquittal, or conviction, is no bar to an indictment for the same offense in the Circuit Court.

2. INDICT-
MENT FOR
FELONY:
    Convict-
e d   o f   a
m i s d  c-
meanor.

Upon an indictment .for a felony, ·the accused may be convicted of a misdemeanor, where both offenses belong to the same generic class, where the commission of the higher may involve the commission of the lower offense, and when the indictment for the higher offense contains all the substantive allegations necessary to let in proof of the misdemeanor. *Cameron* v. *State*, 13 *Ark.*, 712.

So it was held in *Guest* v. *State*, that upon an indictment for maiming, the accused might be convicted of an aggravated assault and battery. 19 *Ark.*, 405.

If, on an indictment for maiming, in the Circuit Court, the accused be convicted of an assault and battery, the judgment is a bar to any further indictment for the same maiming, because the court has jurisdiction of both the higher offense charged, and the lower one included in the charge ; and the conviction for the lower is, in legal effect, an acquittal of the higher.

So, if the accused be convicted, or acquitted generally, in the Circuit Court, on the charge of maiming, he cannot afterward be tried and punished for any less offense included in the charge. *Gantt's Dig.*, sec. 1850.

Justices of the peace have concurrent jurisdiction with the Circuit Court of misdemeanors ; and there are a number of felonies which include misdemeanors ; but to hold that a conviction before a justice of the peace, of any such misdemeanor, would be a bar to a prosecution in the Circuit Court, for a felony, including such misdemeanor, is not warranted by principle, and would be contrary to good public policy.

There are various felonious assaults which include common assaults ; and to permit justices of the peace to protect criminals against indictments in the Circuit Courts, for the felonious assaults, by trying and finding them as for common assaults, would be a public mischief.

The *State* v. *Foster*, 33 *Iowa*, 525, is similar to this case. In that case Foster was indicted in the district court for an assault, with intent to inflict a great bodily injury. He pleaded a former conviction before a justice of the peace on a charge of assault and battery; alleging that the same act was the foundation of both charges. A demurrer of the State to the plea was overruled, and on appeal by the State, the Supreme Court held the plea bad, because the offense for which the accused had been convicted before the justice of the peace, was the lesser offense, and did not include the greater offense, for which he was indicted in the district court.

In *Commonwealth* v. *Curtis*, 11 *Pickering*, 134, Curtis was indicted in the Circuit Court for larceny of spoons in a dwelling. He pleaded in bar that he had been charged in the police court of Boston, for pilfering the same spoons; tried, convicted, and fined twenty dollars. It seems that the police court had no jurisdiction of the higher offense, larceny in a dwelling, charged in the indictment, but had jurisdiction of common pilfering. The effect of the decision was, that the plea, in the form drawn, presented no bar to the charge in the indictment, but the accused might have made it availing, by pleading a former conviction in the police court, of simple larceny of the spoons, and not guilty as to the residue of the charge; that is, the larceny in the dwelling, alleged in the indictment.

So it may be, where one is indicted for maiming, he may plead that he has been convicted before a justice of the peace of an assault and battery, included in the charge of maiming, and not guilty as to the alleged offense of maiming. Then, if it turn out in evidence, on the trial, that he is not guilty of the higher offense of maiming, but is guilty of an assault and battery, the court may charge the jury to allow him the benefit of his plea of

former conviction of that offense, and acquit him altogether. But the splitting of offenses by justices of the peace, and trials by them of lower offenses included in higher, is not to be encouraged, but carefully avoided.

The plea of appellee, was in bar of the whole charge in the indictment, and the court erred in overruling the demurrer to it.

Reversed and remanded with instructions to the court below to sustain the demurrer to the plea of former conviction, and for further proceedings.

### DISSENTING OPINION.

EAKIN, J. It seems to me that the principle announced in this case subjects the party to two punishments for the same act; one for the assault, and the other for the maiming. This could not be done if he were indicted for the felony in the first instance. He has no means of preventing the prosecution before the justice, and could not complain of the conviction for assault, as error, without appealing and confessing himself guilty of the felony, which he might not actually believe to be true.

The Legislature has the power to control and fix the jurisdiction of justices, in cases of misdemeanor, and I think it the less evil (notwithstanding the very respectable authorities of other States), that it should be left to it, by proper act, to provide against collusive charges of minor offenses, for the purpose of barring persecutions for greater, unless the offenses be divisible, and separately punishable, or the nature of the crime be changed by subsequent consequences.

I therefore fail to concur in the opinion of the court; rather fearing to open a door for the undue harrassment of suspected offenders, than doubting the power and will of the Legislature to harmonize the general jurisdiction of justices over minor offenses, with the due punishment of those felonies which involve them.