## JONES v. STATE.

### Opinion delivered October 2, 1911.

1. CRIMINAL LAW—GROUNDS OF ARREST OF JUDGMENT.—Under Kirby's Digest, section 2427, providing that "the only ground upon which a judgment shall be arrested is that the facts stated in the indictment do not constitute a public offense within the jurisdiction of the court," a motion in arrest should be granted whenever the verdict finds the accused guilty of an offense which is not charged or included in the charge made in the indictment. (Page 196.)

2. ASSAULTS—INCLUSION OF ONE OFFENSE IN CHARGING ANOTHER.—An indictment for assault with intent to kill will not support a conviction of assault and battery because the former offense does not include the latter. (Page 197.)

3. SAME—WHEN SENTENCE MODIFIED.—Where one accused of assault with intent to kill is erroneously convicted of assault and battery, the sentence will be modified so as to adjudge the defendant guilty of a simple assault. (Page 198.)

Appeal from Dallas Circuit Court; *H. W. Wells,* Judge; modified and affirmed.

*B. L. Herring* and *Morton & Morton,* for appellant.

Under an indictment for assault with intent to kill, there can be no conviction of an assault and battery, unless the indictment alleges a battery as well as an assault. 15 Ark. 204; 19 Ark. 305; 13 Ark. 712; 38 Ark. 550; 41 Ark. 359; 45 Ark. 464, 470; Kirby's Dig., § 2413; 12 Cyc. 767. See also Kirby's Dig., § 2427; 29 Ark. 69.

*Hal L. Norwood,* Attorney General, and *William H. Rector,* Assistant, for appellee.

1. Under the Code, Kirby's Dig., §§ 2413, 2414, a conviction for assault and battery may be had upon an indictment such as this. It sufficiently charges a battery to support the verdict. 2 Bishop, Crim. Prac. § 660, and cases cited.

2. If the verdict in this case is defective, it cannot be reached by motion in arrest of judgment. That motion is now limited to jurisdictional defects in the indictment. Kirby's Dig., § 2427; 77 Ark. 426; 47 Ark. 233; 46 Ark. 141; 93 Ark. 290.

FRAUENTHAL, J. Defendant, W. B. Jones, was indicted for the crime of assault with intent to kill. In the indictment it was charged that the defendant "in and upon one J. W. McCreary, then and there being, unlawfully, feloniously,

wilfully and deliberately and of his malice aforethought, did make an assault with a certain deadly weapon, towit, a knife, no considerable provocation appearing, with the felonious intent then and there him, the said J. W. McCreary, to kill and murder." Upon a trial under this indictment, the jury returned the following verdict: "We, the jury, find defendant guilty of assault and battery, and assess his punishment at $25 fine." Thereupon the defendant filed a motion in arrest of judgment, which was overruled; and from this action of the court defendant has appealed.

It is contended that the motion in arrest of the judgment should have been granted upon the ground that the indictment did not charge defendant with assault and battery, the offense of which the jury found him guilty.

According to common law, a court, by virtue of the control which it has over all cases pending before it, civil or criminal, has the power to arrest a judgment after the verdict. The grounds upon which a judgment shall be arrested may be restricted by legislative enactment; and where the statute undertakes to specify the grounds upon which a judgment may be arrested, it excludes the right upon other grounds. By section 2427 of Kirby's Digest it is provided: "The only ground upon which a judgment shall be arrested is that the facts stated in the indictment do not constitute a public offense within the jurisdiction of the court; and the court may arrest the judgment without motion on observing such defect."

In construing this statute, this court, in the case of *Barton* v. *State*, 29 Ark. 68, held that this provision of the Code required that every material fact necessary to constitute the offense be alleged in the indictment. In that case it was said: "It requires certain material facts to make any public offense, of whatever name; and these facts, well ascertained in law and easily comprehended by ordinary intelligence, should be alleged in every indictment, whether framed under the Code or under the common law." The indictment is the foundation of the prosecution, and is the sole basis upon which a conviction can rest. The indictment covers, not only the offense which is specifically charged, but also a lower offense which is included in the charge that is made; but, whatever the offense may be of which the defendant is convicted, the material facts necessary

to constitute such offense must be alleged in the indictment. The right of the court to pass judgment upon an accused person for a public offense is founded upon the indictment; and the indictment must allege every material fact necessary to constitute the offense of which he is found guilty before the court is authorized to enter judgment against him for such offense. Where, therefore, the verdict finds the accused person guilty of an offense which is not charged, or which is not included in the charge made in the indictment, the motion in arrest of judgment should be granted under the above provisions of our statute. 5 Enc. Law & Prac. 548; *Hogan* v. *State*, 42 Fla. 562; *State* v. *Scannell*, 39 Me. 68.

By the verdict of the jury in this case, the defendant was found guilty of the offense of assault and battery. Assault and battery is defined by our statute to be "the unlawful striking or beating the person of another" (Kirby's Digest, § 1584). One of the essential elements of assault and battery is a battery. The prosecutor must be touched by the accused himself or by the substance put in motion by him. There can be no offense of assault and battery without a battery; and this material fact of a battery must be alleged in the indictment in order to constitute a charge, or to include a charge, of assault and battery.

In the case at bar, the indictment charged defendant with the crime of assault with intent to kill. This indictment included a charge of every lower degree of this crime which was included in the allegations made therein. It is well settled that an indictment for a higher offense will sustain a conviction of a lower one included in the higher, provided the allegations thereof name every material fact necessary to constitute the offense of which the defendant has been found guilty. By section 2413 of Kirby's Digest, it is provided: "Upon an indictment for an offense consisting of different degrees, the defendant may be found guilty of any degree not higher than that charged in the indictment, and may be found guilty of any offense included in that charged in the indictment."

In the case of *Cameron* v. *State*, 13 Ark. 712, a party indicted for assault with intent to kill was convicted of simple assault. It was there held "that, upon an indictment for a felony, the accused may be convicted of a misdemeanor where

both offenses belong to the same generic class, where the commission of the higher may involve the commission of the lower offense, and where the indictment for the higher offense contains all the substantive allegations necessary to let in proof of the misdemeanor." Before a defendant can be convicted of a lower offense upon an indictment for a higher, the indictment must contain all the material allegations necessary to constitute such lower offense. *Davis* v. *State*, 45 Ark. 468.

In the case of *Sweeden* v. *State*, 19 Ark. 205, it was held that a man indicted for assault with intent to kill cannot legitimately be convicted of an assault and battery.

In the case of *Bryant* v. *State*, 41 Ark. 359, it was said that an indictment charging an assault with a deadly weapon would not support a finding of guilty of assault and battery. See also *Childs* v. *State*, 15 Ark. 204.

It follows that upon an indictment for assault with intent to kill one may be convicted of simple assault, and he can be convicted thereunder of an assault and battery only in case the indictment charges an actual battery.

The indictment in this case charged the defendant with the crime of assault with intent to kill. There is no allegation in the indictment that the violence threatened by the assault was actually done, even in the smallest degree, upon the person assaulted; there is no allegation in the indictment of a battery committed. Under this indictment, the defendant could not be convicted of an assault and battery, because the facts alleged therein did not constitute or include this offense.

But the indictment did charge the defendant with the offense of assault. By their verdict, the jury found the defendant guilty of assault and battery. Though an assault does not imply a battery, every battery necessarily includes an assault. The jury by their verdict necessarily found the defendant guilty of an assault. The defendant was entitled to have the judgment arrested in so far as it adjudged him guilty of the offense of assault and battery; but he was not entitled on that account to have a judgment for assault against him arrested. The defendant was indicted for an offense within the jurisdiction of the court, and he was found guilty of an offense included in the indictment.

The necessary intent of the jury by this verdict was to

find the defendant guilty of an offense which was charged in the indictment—not of the higher charge therein but the lower offense included. By their verdict they in effect found him guilty of the offense of assault, which was the lower degree charged in the indictment. The court should have entered judgment against him only for the offense of assault, and fixed his fine at the sum named by the jury, because that sum falls within the amount prescribed by the statute as a punishment for the offense of assault.

We will enter here the judgment which should have been rendered by the trial court upon the verdict which was returned. The judgment will be modified so as to adjudge the defendant guilty of assault, and, as thus modified, the judgment will be affirmed.