CRANK v. STATE.

Opinion delivered September 29, 1924.

1. INDICTMENT AND INFORMATION—CONVICTION OF ANOTHER OFFENSE.
—Under an assault with intent to commit rape, defendant cannot be convicted of assault and battery, unless the indictment alleges a battery.

2. CRIMINAL LAW—HARMLESS ERROR.—Though defendant was erroneously convicted of assault and battery under an indictment which would have sustained a conviction of a simple assault, no prejudice resulted if the fine imposed did not exceed the maximum penalty which might have been imposed for the latter offense.

3. WITNESSES—RIGHT TO ASK LEADING QUESTIONS.—It is within the discretion of the court to permit a party to ask his youthful witness leading questions if it appears proper and necessary to do so to elicit the truth.

Appeal from Sebastian Circuit Court, Fort Smith District; *John E. Tatum,* Judge; affirmed.

*John D. Arbuckle,* for appellant.

*J. S. Utley,* Attorney General, and *John L. Carter,* Assistant, for appellee.

SMITH, J.  Appellant was convicted of assault and battery, on a trial under an indictment the charging part of which reads as follows: "The said defendant, A. W. Crank, in the county, district and State aforesaid, on the 10th day of September, 1923, did unlawfully, forcibly and feloniously make an assault upon Beatrice Mathews, with the unlawful and felonious intent to then and there forcibly, unlawfully and feloniously and against her will and consent to rape, ravish and carnally know the said Beatrice Mathews, she, the said Beatrice Mathews, being a female under the age of sixteen years, against the peace and dignity of the State of Arkansas."

The girl alleged to have been assaulted was twelve years old, and appellant was fined $100, and it is first insisted that he could not be convicted of assault and battery because the indictment contains no allegation of a battery.

This is true. This court has uniformly held that, in cases of this kind, and in prosecutions for assault with

intent to kill in which an assault is charged, there can be no conviction of a battery unless the indictment contains allegations to that effect. In other words, a battery must be charged to sustain a conviction for that offense. *McAlister* v. *Gunter*, 164 Ark. 611; *Jones* v. *State*, 100 Ark. 195; *Bryant* v. *State*, 41 Ark. 359.

It is true, in the case of *Moreland* v. *State*, 125 Ark. 24, the defendant was indicted for assault with intent to rape, and a conviction for assault and battery was sustained, but no point was made that the indictment did not allege a battery, and it does not appear from the opinion in that case that the indictment omitted that allegation.

It does not appear, however, that there was any prejudice to appellant in the verdict returned. The punishment for simple assault is a fine not exceeding $100, and the punishment for assault and battery is a fine not exceeding $200, and for either offense a fine as low as one cent might be imposed. The jury might therefore have assessed appellant's fine at less than $100, although they found him guilty of assault and battery, if they had thought proper to do so, yet it was fixed at that sum, thus clearly evidencing a purpose to impose a fine of a hundred dollars, for a fine either lower or higher might have been imposed for that offense.

Now, as we have said, a fine of a hundred dollars is authorized by law upon a conviction for simple assault, and the jury must necessarily have found appellant guilty of simple assault to have convicted him of assault and battery, for, if he was guilty of assault and battery, he was necessarily guilty of simple assault, as the lesser offense is embraced in the greater, and, having found that the punishment should be fixed at a hundred dollars, that finding will not be disturbed, because it is a punishment which could have been imposed for the lesser offense as well as for the greater one.

It is next insisted that the court erred in permitting the prosecuting attorney to ask leading questions in the examination of the girl alleged to have been assaulted. It does appear that some of the questions were some-

what leading, but it will be remembered that the witness was only twelve years of age, and the court has a discretion to permit leading questions to be asked if it appears proper and necessary to do so to elicit the truth, and the action of the trial court in so doing will not be disturbed unless there appears to have been an abuse of this discretion, and there appears to have been no abuse of discretion here. *Murray* v. *State,* 151 Ark. 331; *Bullen* v. *State,* 156 Ark. 148.

.　·　No error appearing, the judgment is affirmed.