Michael Edward GLOVER *v.* STATE of Arkansas

CR 81-58                                    619 S.W. 2d 629

Supreme Court of Arkansas
Opinion delivered July 13, 1981
[Rehearing denied September 14, 1981.]

*William H. Craig*, for appellant.

*Steve Clark*, Atty. Gen., by: *Jack W. Dickerson*, Asst. Atty. Gen., for appellee.

Robert H. Dudley, Justice. By this appeal, appellant urges that we hold as a matter of law that possession is not a lesser included offense to delivery of a controlled substance.

We decline to make that holding.

Michael Glover was charged with delivery of heroin in violation of Act 590 of 1971, as amended. He was convicted and sentenced to 30 years in prison. A motion for a new trial was granted on undisclosed grounds. At the second trial the State offered the testimony of Rick Finley, an undercover policeman, and Howard Carrithers, a go-between, that they had gone to a Little Rock residence to buy drugs from Glover, whom Carrithers knew. Glover and several other people were there, including Glover's girl friend, Paula, and her 15 year old sister, Lori. Carrithers introduced Finley as a prospective buyer, wanting two "papers" of heroin at $20.00 each. Glover said he would have to get it and he and Paula left for about 30 minutes. When they returned, Glover motioned for Carrithers to follow him into a hallway out of Finley's sight, where Glover delivered two packets of heroin, explaining that he did not want to deal directly with a stranger. In Glover's presence Carrithers handed the two packets to Finley, who said he needed only one and tried to hand the extra packet to Glover, who declined it. Finley asked if it were all right to put it on the table and Glover answered, "yes." Finley then held out a $20.00 dollar bill in payment which Glover did not accept and afer a moment's lapse Lori took the bill from Finley. As they were leaving, Glover warned Finley not to burn the heroin.

When the State rested, the defense moved for a directed verdict of acquittal, there being no proof of anything of value had passed to Glover. The trial court granted the motion with respect to the charge of delivery but held that possession was included in the offense of delivery and submitted the case to the jury on the offense of possession. The jury returned a verdict of guilty and fixed punishment at two years in the Department of Correction. For reversal, Glover contends that possession is not included in delivery. We affirm the judgment of the trial court.

Before turning to the point argued, so as to avoid any mistaken inferences of this opinion with respect to the crime of delivery in Act 590, we disagree with the trial judge that the evidence presented by the State was insufficient to

support a conviction on the charge of delivery — that issue should have been submitted to the jury. Delivery is defined in Act 590 as the transfer from one person to another of a controlled substance "in exchange for money or anything of value." Since direct proof was wanting that the money was paid to Glover, the trial court determined that there was a failure of essential evidence. But from the circumstances as a whole, the jury could have inferred quite plausibly that there was an unlawful exchange of heroin for money, even though the money was not immediately delivered to Glover. Glover and Finley were strangers to each other, so there was no suggestion of a gift; their preliminary discussions clearly contemplated a *sale* of heroin for the sum of $20.00 — no other conclusion is possible under the proof. Most significantly, the money itself remained in the house when Finley left with no attempt by Glover to disavow the sale. Whether Glover permitted Lori to keep the money or later claimed it for himself does not defeat the obvious nature of this transaction as constituting a transfer of heroin in exchange for money and it was a mistake for that issue not to have been submitted to the jury.

Returning to the argument that the court erred in treating possession as included in the offense of delivery, we find no error. In effect the trial court simply reduced a more serious offense under Act 590, delivery of heroin, to the less serious offense of possession, also prohibited under the Act (Article IV, § 1(c) ), which the evidence more fully sustained, and submitted that issue to the jury.

Neither brief cites any direct authority for the proposition that one may *deliver* a controlled substance without having *possession* of it and our own research has uncovered nothing plainly in point. Appellant cites Ark. Stat. Ann. § 41-105(2) which defines an "included offense" as one which is established by proof of the same or less than all the elements required to establish the commission of the offense charged. This definition derives from dictum in *Gaskin* v. *State*, 244 Ark. 541, 426 S.W. 2d 407 (1968), quoting the Supreme Court of Indiana in the case of *Beck* v. *State*, 148 N.E. 2d 695 (1958):

To be an included offense, all the elements of the lesser offense must be contained in the greater offense, the greater containing certain elements not contained in the lesser.

Building on this language, the appellant reasons that if there is any possible situation or set of facts which would support a delivery without "actual dominion, control or management," then possession would not be included in the charge of delivery even though the evidence produced at trial might show such actual dominion, control or management. (Citing *Caton and Headley* v. *State*, 252 Ark. 420, 479 S.W. 2d 537 (1972).) Possession, while not defined in Act 590, is defined in Ark. Stat. Ann. § 41-115 (Repl. 1977) as exercising "actual dominion, control or management" of something. If we had no more than this, it would lead to the conclusion that a narrow concept of possession is not intended. Dominion implies wide latitude and is defined as including even the "right to possession." (Webster's New International Dictionary, 2d Ed.) Nor does the word "actual" reduce the usage to one of literal or physical possession. This view is consistent with the case of *Cary* v. *State*, 259 Ark. 510, 534 S.W. 2d 230 (1976), holding that actual, physical possession is not required, but that "constructive possession of a controlled substance means *knowledge of its presence and control over it*." Citing *People* v. *Williams*, 95 Cal. Rptr. 530, 485 P. 2d 1146 (1971), the opinion states:

*** Constructive possession occurs when the accused maintains control or a right to control the contraband; possession may be imputed when the contraband is found in a place which is immediately and exclusively accessible to the accused and subject to his dominion and control, or to the joint dominion and control of the accused and another. (*People* v. *Francis*, supra, 71 Cal. 2d 66, 71, 75 Cal. Rptr. 199, 450 P. 2d 591).

We conclude that one cannot deliver heroin without at the same time exercising some degree of actual dominion, control and management over it, even though he may never physically possess it and to hold as a matter of law that it could not be otherwise would be misguided. It is clear that

the case law pertaining to lesser offenses has been general rather than literal, as appellant would have us make it. In *State* v. *Nichols*, 38 Ark. 550 (1882), it was said that lesser and greater offenses are included if they belong to the same *generic* class. See also, *Guest* v. *State*, 19 Ark. 405 (1958), and *Cameron* v. *State*, 13 Ark. 712 (1853), which defines greater offenses as including lesser offenses of "a kindred character." A review of the many cases touching on greater and lesser offenses leads to the view that the decisions of this jurisdiction have taken a broad rather than a narrow interpretation of included offenses.

We are not overlooking the fact that the Information brought against the appellant charged only delivery of a controlled substance. Without arguing the point, appellant alludes to dictum in *Caton and Headley* v. *State, supra*, which states that where the indictment for a greater offense does not contain allegations of all the ingredients of the lesser offense, a conviction of the lesser cannot be sustained, even though the evidence may supply the missing element, citing *Warner* v. *State*, 54 Ark. 660, 17 S.W. 6 (1891). But assignments of error may not be raised for the first time on appeal, and it is clear that no objection on this ground was made either at the in-chambers proceedings relative to appellant's motion for a directed verdict of acquittal, or in his later motion for a judgment n.o.v. Hence, it cannot be asserted on appeal if it was not first raised before the trial court. *Crank* v. *State*, 165 Ark. 417, 264 S.W. 936 (1924); *Jones* v. *Reed*, 267 Ark. 253, 590 S.W. 2d 270 (1979). The only objection offered below or argued on appeal is that possession is not necessarily included in delivery.

We find another reason for rejecting the argument. If we were able to decide, as appellant exhorts, that possession is *not* included in delivery *as a matter of law*, it would deprive anyone accused of delivery of a controlled substance of the right to have a jury charged that it could consider the lesser offense of possession. Such a decision would undermine if not overrule a line of reasoned decisions of this court recognizing the right of an accused to that instruction. See *Milburn* v. *State*, 260 Ark. 553, 542 S.W. 2d 490 (1976), and *Caton and Headley* v. *State, supra*, where it is said:

This court has zealously protected the right of an accused to have the jury instructed on lesser offenses included in a greater offense charged. We have consistently held that a trial court commits reversible error when it refuses to give a correct instruction defining a lesser included offense and its punishment when there is testimony on which the defendant might be found guilty of the lesser rather than the greater offense. *Walker* v. *State*, 239 Ark. 172, 388 S.W. 13; *Bailey* v. *State*, 206 Ark. 121, 173 S.W. 2d 1010; *Smith* v. *State*, 150 Ark. 193, 233 S.W. 1081; *Allison* v. *State*, 74 Ark. 444, 86 S.W. 409; *Davis* v. *State*, 72 Ark. 569, 82 S.W. 167.

We have held this rule to be so salutary that the instruction should be given to the jury in appropriate cases even over the defendant's objection. *Kurck* v. *State*, 235 Ark. 688, 362 S.W. 2d 713 (1962). The circumstances of this case provide an apt illustration: had the trial judge refused to grant the motion for a verdict of acquittal on the charge of delivery and submitted that issue to the jury, the appellant would plainly have been entitled on this evidence to an instruction permitting the jury to consider the lesser offense of possession and had the judge refused, it would have been reversible error under *Milburn* v. *State, Caton and Headley* v. *State*, and the many cases cited. To adopt the rule appellant urges would produce a fault in those decisions.

The judgment is affirmed.

PURTLE, J., not participating.