## Keith GLOVER *v.* STATE of Arkansas

CA CR 82-172 648 S.W.2d 824

### Court of Appeals of Arkansas
### Opinion delivered April 6, 1983
[Rehearing denied May 4, 1983.*]

*William R. Simpson, Jr.,* Public Defender, by: *Arthur L. Allen,* Deputy Public Defender, for appellant.

*Cooper, J., would grant rehearing.

*Steve Clark,* Atty. Gen., by: *Velda P. West,* Asst. Atty. Gen., for appellee.

TOM GLAZE, Judge. Appellant appeals his conviction of escape in the second degree. For reversal, he argues the trial judge erred in refusing to instruct the jury on the lesser included offense of third degree escape.

The facts are undisputed. On January 5, 1982, appellant was sentenced to twenty years on a burglary conviction. Afterwards, the court's bailiff placed appellant in a holding cell to await transportation for his return to the county jail. The door to the cell was secured by a hasp and lock. The cell, located in the courthouse, is used as a temporary facility to hold prisoners before and after their appearances in court. Shortly after he was put in the cell, appellant and another prisoner dislodged the hasp, opened the door and fled. As a consequence of his unauthorized departure, appellant was charged with second degree escape.

On appeal, appellant concedes that he was guilty of some criminal offense but not the offense with which he was charged. The State's charges were filed against appellant on the theory that he escaped from a correctional facility which, under Ark. Stat. Ann. § 41-2811 (1) (c) (Repl. 1977), is a second degree escape offense. Appellant contends that appellant could have been found guilty of third degree escape, under Ark. Stat. Ann. § 41-2812 (1) (Repl. 1977), which is committed when a person escapes from custody.[1] In a nutshell, appellant's argument is that whether he escaped from a "correctional facility" (second degree escape) or from "custody" (third degree escape) is a question of fact which was within the province of the jury to decide. Because the trial court denied appellant's request for an instruction on

---

[1] Second degree escape is a Class D felony and third degree escape is a Class A misdemeanor. Factors that raise the offense to second degree escape represent additional risk-producing elements. For example, an escape from a correctional facility evidences increased planning and premeditation and threatens the security of correctional facilities by increasing the risk of escapes by other inmates. Also, a person convicted of a felony is more apt to create harmful social consequences by escape. For further discussion, see Commentary to Ark. Stat. Ann. § 41-2812 (Repl. 1977).

the lesser offense, he states the court erroneously eliminated the jury's right to consider this question.

Our Courts have held that if there is any evidence to support the giving of an instruction on the lesser included offense, it must be given. But, if there is no rational basis for acquitting appellant of second degree escape and convicting him of the lesser offense of third degree escape, an instruction on the lesser offense need not be given. *Lovelace v. State*, 276 Ark. 463, 637 S.W.2d 548 (1982). Here, the trial judge gave only the second degree escape instruction because he found the holding cell from which appellant escaped was a correctional facility. Of course, assuming the judge was correct, appellant could not have committed third degree escape (an escape from custody) because by statutory definition, custody is the actual or constructive restraint by a law enforcement officer pursuant to an arrest or a court order, but does not include detention in a correctional facility. See Ark. Stat. Ann. § 41-2801 (2) (Repl. 1977).

The custody definition excludes a correctional facility, and it applies only to the time between a person's arrest and incarceration or during the time he is in transit between various correctional facilities, courts and other institutions. See Commentary to Ark. Stat. Ann. § 41-2801 (Repl. 1977). Consistent with this concept of custody, a correctional facility is defined as *any place* used for the confinement of persons charged with or convicted of an offense or otherwise confined under a court order. Ark. Stat. Ann. § 41-2801 (1) (Repl. 1977).

Undisputedly, appellant's escape occurred when, as a convicted felon, he was detained in a cell at the courthouse, and not during the time he was in transit to or from the county jail. Given the clear statutory distinction between an escape from custody and one from a correctional facility, we have no problem in deciding that a holding cell in the courthouse is a correctional facility.

Accordingly, we find the trial court correctly held that there was no evidence to support a third degree escape

instruction and its decision to give only a second degree instruction is affirmed.

Affirmed.

COOPER, J., dissents.

JAMES R. COOPER, Judge, dissenting. I respectfully dissent. The majority opinion accurately states the facts and fairly outlines the arguments put forth by the appellant and the appellee. However, it is worthy of additional emphasis that the State did not charge the appellant under the provision of Ark. Stat. Ann. § 41-2811 (Repl. 1977) dealing with escape from custody by convicted felons. Clearly, the appellant was guilty of that section of the statute. The State chose to proceed on the theory that the appellant escaped from a correctional facility and the majority has seen fit to affirm the trial court's decision that a holding cell in the Pulaski County Courthouse is a "correctional facility". The theory of the majority opinion seems to be that any place police officers use to confine individuals during transport between jails and courts can constitute a "correctional facility" (excluding clear custodial confinement, such as in motor vehicles). The majority opinion then opens the door for witness rooms, judges' chambers, sheriffs' offices, or any other room in a courthouse to be considered a "correctional facility" so long as that particular room is used regularly for the confinement of individuals in custody. I simply do not believe that the legislature intended such a broad result.

In addition, I think the trial court erred in failing to give the requested instruction. Where there is any evidence to support the giving of an instruction on a lesser included offense, it must be given. *Sargent* v. *State,* 272 Ark. 336, 614 S.W.2d 503 (1981). The trial court commits reversible error if he refuses to instruct the jury on a lesser included offense if there is testimony furnishing a reasonable basis on which the accused may be found guilty of the lesser offense. *Glover* v. *State,* 273 Ark. 376, 619 S.W.2d 629 (1981); *Caton* v. *State,* 252 Ark. 420, 479 S.W.2d 537 (1972).