The Honorable H. G. Foster Prosecuting Attorney Twentieth Judicial District P.O. Box 1105 Faulkner County Courthouse Conway, Arkansas 72032
Dear Mr. Foster:
This is in response to your request for an opinion on several questions concerning a tax levy to build a new jail in Faulkner County. You note that a one-cent sales tax was passed by the public for the construction of a new jail. You have five specific questions in this regard, and they are restated below and answered in the order posed.
1. Can we put a courtroom in the new jail facilities?
2. What happens to any monies left over?
3. What can any left over monies be spent on?
 4. Can we use said left over monies for running the new jail, i.e. salaries, maintenance and supplies?
5. Can we purchase a new jail van?
Your first question is whether a courtroom can be built in the new facility with the tax dollars raised from the one-cent sales tax. Two provisions of law are applicable to this question. The first is Arkansas Constitution Art. 16, 11, which provides that:
 No tax shall be levied except in pursuance of law, and every law imposing a tax shall state distinctly the object of the same; and no moneys arising from a tax levied for one purpose shall be used for any other purpose.
 More specifically, A.C.A. 26-74-308, which appears in the subchapter under which the Faulkner County tax was implemented, states that:
 (c) The ballot may also indicate designated uses of the revenues derived from the sales tax and, if the tax is approved, the proceeds shall only be used for the designated purposes.
The ballot in the special election on the tax in question reads as follows:
 There is submitted to the qualified electors of Faulkner County, Arkansas the question of a one-percent (1%) self-limiting, one-year sales and use tax for purposes of constructing a Faulkner County Correctional facility. [Emphasis added.]
As can be seen from the ballot title above, the tax was enacted to construct a "correctional facility". The issue is whether a courtroom built within the new jail falls under the definition of a "correctional facility". If so, it may be concluded that the voters approved the construction of a courtroom within the facility at the time they passed the tax. If not, the voters did not approve the construction of a courtroom, and to build one in the new facility would be violative of Art. 16, 11 and A.C.A.26-74-308 set out earlier.
One Arkansas case may be illuminative on the question. In Glover v. State, 8 Ark. App. 104, 648 S.W.2d 824 (1983), the Court of Appeals held that a defendant who escaped from a holding cell in a courthouse escaped from a "correctional facility" for purposes of the criminal escape statute. Under Arkansas law, escaping from a "correctional facility" carries a heavier penalty than escaping from "custody". The court held that a "correctional facility" is defined as "any place used for the confinement of persons charged with or convicted of an offense or otherwise confined under a court order". 8 Ark. App. at 106. Thus, the Court of Appeals has at least recognized that a holding cell within a courthouse can fall within the definition of a "correctional facility" for some purposes.
It is my opinion, however, that upon viewing the facts you have presented, a court would not hold that a courtroom comes within the definition of a "correctional facility". It is true that the court in Glover stated that a holding cell in a courtroom was a "correctional facility". But this holding, in my opinion is not tantamount to a holding that the courtroom itself, (i.e. the room containing the judges bench, counsel tables, etc. . . .) constitutes a "correctional facility". The court in Glover only held that the holding cell was a "correctional facility".
It is thus my opinion that a courtroom probably does not come within the definition of a "correctional facility" such that the voters approved its construction at the special election. A court, however, could look to extrinsic evidence of the voter's intent to determine whether a courtroom was contemplated by the voters. A court might look at such factors as evidence of the historical context of the act, contemporaneous conditions at the time of its enactment, consequences of interpretation, and other matters of common knowledge within the limits of its jurisdiction. Mears v. Arkansas State Hospital, 265 Ark. 844, 581 S.W.2d 339
(1979).
Your second question concerns the disposition of any monies that are left over from the imposition of the tax. As we have seen above, the tax monies can only be used for purposes of constructing a "correctional facility". Any left over monies may thus not be spent for any other purpose. See generally Opinion No. 87-257, a copy of which is enclosed. It was concluded in Opinion No. 89-117, (copy enclosed) however, in a similar situation that:
 . . . while a tax levied for one purpose cannot be used for another, a tax once levied may thereafter be levied for a different purpose. [Citation omitted.] Another election for the levy of the sales tax may therefore be the appropriate method for determining the purpose(s) to which the revenues may be applied. Since the ballot may indicate the designated uses of the sale tax proceeds, [citation omitted] an election could arguably determine the use of any surplus funds.
Arkansas Attorney General Opinion No. 89-117 at 4.
Your third question asks what any left over monies may be spent on. As stated previously, these tax dollars may only be spent for the purposes for which they were levied, that is, for the construction of a "correctional facility".
Your fourth question is whether left over monies may be spent for running the new jail, i.e. salaries, maintenance and supplies. It is my opinion that the answer to this question is "no". The ballot title only authorizes the tax monies to be spent to "construct" a correctional facility. It does not authorize the expenditure of tax funds to run the jail.
Your fifth question is whether a new jail van may be bought with the tax monies. Again, in my opinion the answer is "no". A van does not come within the voters' approved expenditure of funds for constructing a correctional facility.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.